**Opinion issued August 29, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-23-00039-CR**

**NO. 01-23-00040-CR**

————————————

**MARTIN CORONA JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 22nd District Court**
**Comal County, Texas**
**Trial Court Case No. CR2021-139 and CR2021-138**

---

**MEMORANDUM OPINION**

Appellant, Martin Corona, Jr., pleaded not guilty to the offense of retaliation. *See* TEX. PENAL CODE § 36.06. After a jury trial, the trial court signed a judgment of conviction on the jury verdict finding Corona guilty of retaliation and, based on

the verdict and appellant's plea of true to the five enhancement paragraphs, the trial court sentenced appellant to 60 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

On appeal, appellant's appointed counsel filed a motion to withdraw, along with a brief, stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The State waived the opportunity to file a response to the *Anders* brief.

Counsel advised appellant of his right to access the record and provided him with a form motion for access to the record. Counsel further advised appellant of his right to file a pro se response to the *Anders* brief. Appellant requested and was granted access to the record and filed a pro se response to counsel's brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds

for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney John G. Jasuta must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).